United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-51118
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

        versus

IGNACIO GUERRA-GARZA,

                    Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-75-5

———————————

Before GARWOOD, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ignacio Guerra-Garza was convicted by a jury of possession
with intent to distribute less than one hundred kilograms of
marihuana.  The district court sentenced Guerra-Garza to thirty-
three months' imprisonment and three years' supervised release.

    Guerra-Garza challenges as improper and prejudicial comments

———————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made by the Assistant United States Attorney (AUSA) during his opening closing argument. The comments, as appellant characterizes them, implored the jury to take part in the war on drugs and proposed that in order to acquit Guerra-Garza, the jury would have to find that the Government's witnesses committed perjury and engaged in a conspiracy. Guerra-Garza contends that the comments improperly bolstered the credibility of government witnesses, distracted the jury's attention from the evidence, and impermissibly interjected broader issues into the case. He contends that the Government's evidence on the issue of his knowledge of the marihuana was weak and inconsistent. He argues that the AUSA's comments interfered with the jury's assessment of the evidence, and he asserts that the improper comments were not cured by instruction. He argues that the comments affected the verdict and the fairness and integrity of the proceedings, amounted to plain error, and require reversal.

We must decide whether the disputed remarks were improper and whether the remarks "prejudiced the defendant's substantive rights." *United States v. Munoz*, 150 F.3d 401, 414, 415 (5th Cir. 1998). Guerra-Garza concedes that review is for plain error as no objection whatever was made below. Under plain error review, we will reverse a conviction "'only if the government's closing arguments seriously affected the fairness or integrity of the proceedings and resulted in a miscarriage of justice.'" *United*

2

*States v. Knezek*, 964 F.2d 394, 399 (5th Cir. 1992). The "prosecutor's comments must be considered in the context of the entire trial." *Id*. at 400.

If we assume for the purpose of argument that the challenged comments, separately or in combination, were improper, we must decide if "the jury would have found [Guerra-Garza] guilty had it not been for the prosecutor's improper argument." *United States v. Goff*, 847 F.2d 149, 165 (5th Cir. 1988). To do so, we consider the magnitude of the statements' prejudice, the curative effect of any "cautionary instructions," and the strength of the evidence on guilt. *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995).

Defense counsel did not object to the AUSA's closing comments, and thus, the district court did not give specific curative instructions when the challenged comments were made. Prior to the presentation of evidence and in the charge, the district court directed the jury to consider only the evidence, namely the testimony given under oath and the exhibits that were admitted. The district court instructed the jury that statements and argument made by the district court and the lawyers were not evidence. *See United States v. Wyly*, 193 F.3d 289, 299-300 (5th Cir. 1999); *Tomblin*, 46 F.3d at 1390-91; *United States v. Parekh*, 926 F.2d 402, 408-09 (5th Cir. 1991). The jury is presumed to follow its instructions. *Wyly*, 193 F.3d at 299.

3

Guerra-Garza was indicted for conspiracy to distribute marihuana and for possession with intent to distribute less than one hundred kilograms of marihuana. The jury, which acquitted Guerra-Garza on the conspiracy charge, did not allow the AUSA's closing comments to influence its decision on the issue of Guerra-Garza's involvement in a drug conspiracy. The jury determines the credibility of the witnesses and was free to discredit Guerra's testimony on knowledge. *See United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992).

In light of the evidence presented, which was significantly stronger than that minimally necessary to sustain a conviction, and the district court's instructions, Guerra-Garza has not shown that the prejudicial effect of the AUSA's comments "'affected the fairness or integrity of the proceedings and resulted in a miscarriage of justice.'" *Knezek*, 964 F.2d at 400. Accordingly, the judgment of the district court is

AFFIRMED.